S. S. Alexander *et al. v.* Colcock, McCauley & Molloy.

S. S. ALEXANDER *et al. v.* COLCOCK, McCAULEY & MOLLOY.

REDEMPTION. *Removal of cloud from title. Chancery jurisdiction.* A Court of Chancery has no such jurisdiction as can entertain a bill which seeks to keep a question of redemption open, until a judgment of the Court can be had removing all embarrassments and clouds from the title of property held for redemption.

---
FROM LINCOLN.
---

Appeal from the Chancery Court. A. S. MARKS, Chancellor.

BRIGHT & SON for Alexander *et al.*

CABINESS & COOPER for Colcock, McCauley & Molloy.

BURTON, Special J., delivered the opinion of the Court.

The complainants, some of them being creditors and others sureties, or accommodation endorsers, of one C. E. Smith, filed their several bills against him and his brother (H. H. Smith), in the latter part of 1860, seeking to attach the property of their said principals, and have it subjected to the satisfaction of his several debts, on which they were liable, or that he owed them. The attachments were issued and

levied on the lands described in the pleading. The ground of the attachment was that said C. E. Smith had, or was about fraudulently to dispose of his property to his brother (H. H. Smith), to defeat his creditors. C. E. Smith, however, answered that the trade he had made with his brother had been cancelled. This *litigation* has been revived since the war against the heirs and personal representatives of both the Smiths, they having died in the meantime. In the last bill filed in May, 1869, complainants show that the defendants (Colcock, McCauley & Molloy), obtained in November, 1860, a judgment against said C. E. Smith and some of the present complainants; that in April, 1867, defendants caused an execution on their judgment to be levied on a tract of land of 188 acres, one of the tracts on which complainants had levied their attachments. The land was sold by the sheriff, and bought by the defendants (Colcock, McCauley & Molloy). They afterwards advanced their bid to the sum of $1,300, which sum they credited on their judgment. And the complainants say that they are informed and believe that Colcock, McCauley & Molloy intend to claim said land under their bid and purchase unless redeemed within the two years allowed by law, which two years expired on the day after complainants filed this bill.

Complainants say that they are advised that they can not safely redeem the land:

1. Because the fraudulent deed above referred to conveyed the legal title to H. H. Smith, and there-

fore the execution of Colcock, McCauley & Molloy did not reach it, and that it required the aid of a Court of Chancery to subject it and remove the cloud from the title.

2. Because their attachments created a prior lien to that of the execution. They insist that the title to the land is beclouded and embarrassed by these various matters, and come into a Court of Equity insisting that they " have the right of keeping the question of redemption open until they can have the judgment of the Court removing all embarrassments and clouds from the title." And they say further that they are willing to advance one hundred per cent. on the *bid* of Colcock, McCauley & Molloy, if the Court will first remove the cloud from the title to the 188 acres of land.

We are aware of no precedent for this bill. Courts have to decide upon the rights of parties as they exist, and have no jurisdiction that we know of to decide beforehand whether complainants would acquire a good title by the redemption of this land, or whether they would be buying land on which they already had the superior lien. The Chancellor seems to have taken this view of it. We concur with him and affirm his decree, dismissing the bill with costs.